UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LEO PAUL DESSELLE, III | * | CIVIL ACTION |
| | * | |
| versus | * | No. 14-1147 |
| | * | |
| FORD MOTOR CREDIT | * | |
| COMPANY LLC | * | SECTION "L" (5) |

**ORDER & REASONS**

Before the Court is a Motion to Dismiss filed by Defendant Ford Motor Credit Company LLC ("Ford Credit"). The Court has reviewed the briefs and applicable law and now issues this Order & Reasons.

**I. BACKGROUND**

This case arises out of Ford Credit's alleged failure to accurately report and duly investigate the Plaintiff's, Leo Paul Desselle, III, credit history as required by the Fair Credit Reporting Act ("FCRA"). According to Desselle, Ford Credit erroneously reported Desselle's credit information relating to 2010 charges to three credit reporting agencies. (Rec. Doc. 1 at 1). Desselle contends that he disputed these reports with the three credit reporting agencies. (Rec. Doc. 1 at 1). Desselle alleges that he requested a full investigation of his Ford Credit account pursuant to the FCRA, 15 U.S.C. § 1681s-2(a)(8) and (2)(b)[1], and Ford Credit did not fulfill its obligations to investigate under 15 U.S.C. § 1681-s(2)(a)(8)(E) and (2)(b). (Rec. Doc. 1 at 1). Specifically, Desselle alleges that Ford Credit failed to submit the investigation results to

---

[1] The FCRA is set forth in 15 U.S.C. § 1681 and is also laid out in numeric, sectional numbers that pertain to the Act. The Plaintiff refers to the latter in his Complaint and Opposition. This Order & Reasons will refer to the United States Code citations, but to hopefully minimize confusion, it should be noted that FCPA § 623(a) corresponds to 15 U.S.C. § 1681s-2(a), and the numbers and letters that follow both citations correspond to one another. Similarly, FCRA § 623(b) corresponds to 15 U.S.C. § 1681s-2(b), and the numbers and letters

1

Desselle within the thirty-day limit imposed by 15 U.S.C. § 1681-s(2)(b)(2), and that Desselle never received the investigation results pursuant to 15 U.S.C. §1681-s(2)(a)(8). (Rec. Doc. 1 at 1). Desselle notes that the "willful and negligent non-compliance by Ford Motor credit" has violated the FCRA. (Rec. Doc. 1 at 1). Desselle requests damages in the amount of $1000.00

## II. PRESENT MOTION

On August 8, 2014, Defendant Ford Credit filed a Motion to Dismiss for Failure to State a Claim. (Rec. Doc. 12). In its motion, Ford Credit asserts that 15 U.S.C. § 1681s-2(c) and (d) clearly states that section 1681s-2(a) does not give rise to a private cause of action. (Rec. Doc. 12-2 at 10). Even if Ford Credit had failed to report the investigation to the Plaintiff within thirty days, Ford Credit maintains that Plaintiff would still be unable to state a claim because such claims are prohibited. (Rec. Doc. 12-2 at 10). Ford Credit notes that courts have repeatedly recognized the inability to bring a private right of action under section 1681s-2(a). (Rec. Doc. 12-2 at 10) (citing *SimmsParris v. Countrywide Financial Corp.*, 652 F.3d 355, 357 (3rd Cir. 2011); *Chiang v. Verizon New England. Inc.,* 595 F.3d 26, 35 (1st Cir. 2010); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); *Saunders v. Branch Banking and Trust Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008)).

Ford Credit also argues that while section 1681s-2(b) may provide a private right of action, Desselle's allegations do not assert a claim as prescribed by that section. (Rec. Doc. 12-2 at 11). Ford Credit maintains that section 1681s-2(b) only requires the furnisher to investigate and report to the credit reporting agency, and *not* to the consumer. (Rec. Doc. 12-2 at 11). Since Desselle only alleges that Ford Credit failed to provide a timely investigative report to him, and not to any credit reporting agency, Ford Credit argues that Desselle fails to state a claim under 15

that follow both citations correspond to one another.

U.S.C. § 1681s-2(b). (Rec. Doc. 12-2 at 11-12). Ford Credit goes on to argue that any other claims asserted by Desselle pursuant to the FCRA are time barred, and that if this matter proceeds forward, Ford Credit reserves the right to contradict Desselle's allegations and will seek attorneys' fees.

Desselle opposed this motion, noting that he initially disputed the credit information with the three credit reporting agencies and then notified Ford Credit of the dispute. (Rec. Doc. 14 at 1). Desselle emphasizes that Ford Credit should have reported the investigation results to the three credit reporting agencies. (Rec. Doc. 14 at 1). In response to Ford Credit's assertion that 15 U.S.C. § 1681s-2(a) does not afford Desselle a private right of action, Desselle asserts that in addition to the credit reporting agencies, the "FCRA also gives consumers the right to directly engage the issuer of credit in the dispute process by demanding to see exactly how they came to their conclusions about debts…." (Rec. Doc. 14 at 1).

### III.  LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to file a motion to dismiss for "failure to state a claim upon which relief can be granted...." When a court considers a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting Bell Atl. Corp. 550 U.S. at 570). A court "do[es] not accept as true conclusory allegations,

unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

## B. Fair Credit Reporting Act

The Fair Credit Reporting Act imposes duties on consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies ("furnisher"). *See* 15 U.S.C. § 1681, *et seq*. Section 1681s-2 delineates the furnishers' obligations, and they include (a) duties to provide accurate information and (b) duties that are triggered when a credit reporting agency notifies the furnisher of a dispute. 15 U.S.C. § 1681s-2(a) & (b). Ford Credit contends that Desselle fails to state a claim because there is no private right of action under section 1681s-2(a) and because section 1681s-2(b) imposes no duty on furnishers to report their investigative findings to consumers.

Section 1681s-2(a)(8) outlines the procedures by which a consumer can directly dispute the accuracy of information with a furnisher. After receiving notice of a dispute, the furnisher shall (1) conduct an investigation; (2) review all relevant information; (3) report the results of the investigation to the consumer within 30 days, pursuant to 15 U.S.C. § 1681i-(a)(1)$^2$; and (4) if the furnisher discovers the reported information was inaccurate, the furnisher must promptly notify each consumer reporting agency to which it provided the inaccurate information and provide them with the correct information. 15 U.S.C. § 1681s-2(a)(8)(E).

While Section 1681s-2(a)(8) prescribes the process for consumers to directly dispute the accuracy of credit information with the furnisher, section 1681s-2(c) expressly prohibits private enforcement of that section. Sections 1681n & o outline civil liability for noncompliance of the FCRA, but section 1681s-2(c) specifies that those sections do *not* apply to 1681s-2(a). 15 U.S.C.

4

1681s-2(c). Accordingly, Ford Credit was correct in its assertion that 15 U.S.C. § 1681s-2(a) provides no private right of action. The Ninth Circuit discussed the rationale for the intentional prohibition of private rights of action under this section in an often-cited case, noting "Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished." *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Other courts also routinely recognize the plain language of the FCRA and aver that there is no private right of action under 15 U.S.C. § 1681s-2(a). *See SimmsParris*, 652 F.3d at 358; *Chiang*, 595 F.3d at 36; *Nelson*, 282 F.3d at 1059; *Olexy v. Interstate Assurance Co.*, 113 F. Supp. 2d 1045, 1048-47 (S.D. Miss. 2000); *Brumberger v. Sallie Mae Servicing Corp.*, CIV. A. 02-2909, 2003 WL1733548 at *5 (E.D. La. March 28, 2003). Desselle's claim under 15 U.S.C. 1681s-2(a) therefore fails as a matter of law because there is no private right of action under 15 U.S.C. 1681s-2(a).

Section 1681s-2(b) explains a furnisher's responsibilities after a credit reporting agency has notified the furnisher of a consumer dispute regarding information provided by the furnisher. Upon receiving notice of a dispute, the furnisher is to conduct an investigation and report the results to the appropriate consumer reporting agencies. 15 U.S.C. § 1681s-2(b). Section 1681s-2(b) provides for a private right of action, and a consumer may bring a cause of action against the furnisher if it does not comply with the provisions of section 1681s-2(b). *See Nelson*, 282 F.3d at 1060; *Thomasson v. Bank One, La., N.A.,* 137 F. Supp. 2d 721, 723 (E.D. La. 2001); *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp. 784, 798 (E.D. La. 2013).

In *Young v. Equifax Credit Information Services*, the Fifth Circuit explained that "the FCRA establishes a duty for a consumer reporting agency…to give notice of a dispute to a

---

[2] FCRA § 611(a)(1).

furnisher of information…within five business days from the time the consumer notifies the consumer reporting agency of the dispute." 294 F.3d 631, 639 (5th Cir. 2002) (citing 15 U.S.C. § 1681i(a)(2)). 15 U.S.C. § 1681s–2(b)(1). "Such notice is necessary to trigger the furnisher's duties under Section 1681s–2(b)." *Id.* The court ultimately held that a consumer's private right of action under 15 U.S.C. § 1681s-2(b) requires proof that the credit reporting agency had notified the furnisher of a dispute. *Id.* Courts have thus held that plaintiffs who fail to allege facts that the credit reporting agency notified the furnisher of a dispute fail to state a claim as a matter of law under 15 U.S.C. § 1681s-2(b). *See Fagan*, 957 F. Supp. at 798-99; *Kennedy v. Victoria's Secret Stores, Inc.*, CIV.A. 03-2691, 2004 WL 2186613 at *3 (E.D. La. Sept. 29, 2004).

Here, Desselle does not allege that the three credit reporting agencies notified Ford Credit of the dispute. He merely asserts that he himself notified the three credit reporting agencies and Ford Credit, and that Ford Credit failed to timely respond or investigate the inquiries. Desselle therefore fails to state a claim as a matter of law because notice given by the credit reporting agency to the furnisher is necessary to trigger the furnisher's duties under section 1681s–2(b), and Desselle alleges no such facts in his Complaint.

Desselle's claim under 15 U.S.C. 1681s-2(b) also fails as a matter of law because Desselle only alleges that Ford Credit failed to fulfill its duties under the section because it did not supply Desselle with its investigation findings within thirty days. While section 1681s-2(a)(8)(E) requires the furnisher to provide the consumer with its findings within thirty days, section 1681s-2(b) imposes no such requirement. Rather, section 1681s-2(b) only mandates that the furnisher report its investigation findings to the consumer reporting agency that notified the furnisher of the dispute, 15 U.S.C. § 1681s-2(b)(1)(C), and to notify its results to other consumer

reporting agencies to which the furnisher had supplied erroneous information. 15 U.S.C. § 1681s-2(b)(1)(D). While the furnisher has the discretion to notify the consumer with the investigation results, the furnisher is not obligated to perform this task under section 1681s-2(b). *See Chiang*, 595 F.3d at 36 ("Although a furnisher may choose to contact a consumer directly about a dispute reported to the furnisher by a CRA (credit reporting agency), 'requiring a furnisher to automatically contact every consumer who disputes a debt would be terribly inefficient and such action is not mandated by the FCRA.'"). Accepting Desselle's allegations as true, Desselle's section 1681s-2(b) claim also fails as a matter of law because Desselle only alleges that Ford Credit failed to supply him with the investigative results, and not a credit reporting agency, which does not signify a furnisher's duty under section 1681s-2(b).

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss (Rec. Doc. 12) is hereby **GRANTED.**

New Orleans, Louisiana, this 15th day of September 2014.

_____
UNITED STATES DISTRICT JUDGE